UNITED STATES of America,
Appellee,

v.

Neal Grayson TAYLOR, Appellant.

No. 24924.

United States Court of Appeals,
Ninth Circuit.

June 18, 1970.

the items were seized; and (2) if the items in question were seized as a result of a search, that search was conducted with defendant's consent.

On either ground, the determination was one of fact for the trial court. Davis v. United States, 327 F.2d 301 (9th Cir. 1964); United States v. Page, 302 F.2d 81 (9th Cir. 1962). We have reviewed the record of that hearing and hold that, on both grounds, there was ample evidence to support the described findings of the trial judge.

The court therefore did not err in denying the motion to suppress. The evidence, including the items seized, and the testimony concerning them, supports the jury verdict. Accordingly the trial court did not err in denying the motion for judgment of acquittal.

Affirmed.

W. C. Miller, Los Angeles, Cal., for appellant.

Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Chief, Criminal Division, Arnold G. Regardie, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, BROWNING and TRASK, Circuit Judges.

PER CURIAM:

Neal Grayson Taylor appeals from his conviction, on a jury verdict, of stealing government property in violation of 18 U.S.C. § 641. He contends that the trial court erred in denying his motion to suppress certain evidence which had been seized prior to his arrest and in denying his motion for judgment of acquittal.

The trial court held a pretrial hearing on the motion to suppress at which both the Government and defendant presented evidence. On the basis of this hearing, the trial court held, in effect, that the evidence in question was admissible on alternative grounds: (1) the evidence in question was in the plain view of the investigating officer, without his having made a search, and provided probable cause for the arrest incident to which